# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO: 8:20-cr-280-CEH-AEP

JADER CUERO HINESTROZA

_____/

## ORDER

This cause comes before the Court on Defendant Jader Cuero Hinestroza's Motion to Request a Sentence Reduction Due to Sentence Disparities Between Co-Defendant Under § 3553(a)(6) (Doc. 87). Proceeding *pro se*, Hinestroza requests a sentence reduction because he asserts that his co-defendant, who was more culpable, received a lower sentence than Hinestroza. The Government opposes the motion (Doc. 89).

Upon review the consideration, and being fully advised in the premises, the Court will deny the motion.

## BACKGROUND

On April 13, 2021, Hinestroza pleaded guilty to one count of conspiracy to distribute and possess five kilograms or more of cocaine while aboard a vessel, based on conduct committed on or about September 3, 2020. Docs. 62, 81. His sentencing guidelines range was between 135 to 168 months. Doc. 82 at 1. The Court instead sentenced him to 120 months, the mandatory minimum, and granted a defense motion, to which the Government did not object, to impose a variance below the

guidelines range. *Id.* at 3. The Court found that the variance was warranted by the authorities' failure to find drugs and Hinestroza's family ties, non-violent background, and impoverished upbringing. *Id.* He is now serving his term of incarceration.

In the instant motion, Hinestroza asks the Court to reduce his sentence under the sentencing factor listed in 18 U.S.C. § 3553(a)(6): "the need to avoid sentence disparities among defendants with similar records who have been found guilty of similar conduct." Doc. 87 at 2. He contends that he was neither the leader of the crew nor the owner of the drugs; his co-defendant, in contrast, was the captain of the vessel who was in charge of Hinestroza. *Id.* at 2-3. Hinestroza explains that his co-defendant received only 87 months' incarceration. *Id.* at 2. He further asserts that he attempted to provide information to the prosecutors or agents, but his lawyer's inability to schedule a proffer appointment meant that he was ineligible for a two-level safety valve reduction. *Id.* at 3. As a result, Hinestroza asks for a sentence reduction to 87 months in order to avoid a disparity with his more-culpable co-defendant. *Id.*

The Government opposes the motion. Doc. 89. It argues that Hinestroza has not identified any legal basis for the reduction of his sentence, and the Court is without authority or jurisdiction to do so. *Id.* at 3-4. Moreover, the disparity results from his co-defendant's choice to timely proffer, while Hinestroza's failure to proffer rendered him ineligible for a Government motion for downward departure due to substantial assistance. *Id.* at 2, 4-5.

DISCUSSION

The Court is significantly restricted in its ability to modify or reduce a sentence that has already been imposed. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Finality is essential to the operation of our criminal justice system … That is why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted); *see also United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(2) provides a limited exception under which a court may reduce the term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. Section 3582(c)(1)(A) provides a second exception for individuals who have exhausted their administrative remedies with the Bureau of Prisons and who have established the existence of an extraordinary and compelling reason that warrants a sentence reduction. The definition of an "extraordinary and compelling reason" is strictly limited. *See Bryant*, 996 F.3d at 1262, citing U.S.S.G. § 1B1.13, cmt. n.1. Absent one of these exceptions, the Court is without authority or jurisdiction to modify a sentence that has already been imposed.

The Court acknowledges that Hinestroza is proceeding *pro se* and it must liberally construe his motion. *See* Doc. 87 at 1. However, his motion fails to establish that one of the exceptions described in § 3582(c) applies. A sentencing disparity with his co-defendant is not a subsequently lowered sentencing range, nor is it one of the

few grounds identified in U.S.S.G. § 1B1.13, cmt. n.1 as an "extraordinary and compelling reason." As a result, the Court is without authority to grant his motion.[1]

Moreover, Hinestroza's co-defendant cooperated with law enforcement and received the benefit of a motion for downward departure pursuant to § 5K1.1, United States Sentencing Guidelines. Defendant did not cooperate.

Accordingly, it is **ORDERED**:

1. Defendant Jader Cuero Hinestroza's Motion to Request a Sentence Reduction due to Sentence Disparities Between Co-Defendant Under § 3553(a)(6) (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] To the extent Hinestroza wishes to argue that his attorney's failure to allow him to provide information to the Government constituted ineffective assistance of counsel that violated his constitutional rights, this argument must be brought in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Hinestroza is cautioned that motions brought under § 2255 are subject to stringent procedural requirements.